**George F. Surgent, Esq.**
888 Ramapo Valley Road
Mahwah, NJ 07430
(201) 825-2300 phone (201) 825-2912 fax
Attorney for Amy Dukoff-Toro

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILENTA FEED, INC., and WILENTA CARTING INC., | : <br> : <br> :CIVIL ACTION NO:10-cv-06482-SDW -MCA |
| Plaintiffs, | : <br> : |
| v. | : <br> : <br> : |
| HELMER TORO, AMY DUKOFF TORO, THE FIRST TORO FAMILY LP, THE THIRD TORO FAMILY LP, THE FOURTH TORO FAMILY LP, THE FIFTH TORO FAMILY LP, THE SIXTH TORO FAMILY LP, 25 REAL ESTATE LP, GARDEN OPERATION REALTY LP, GARDEN OPERATION CORP., MANHATTAN WEST SIDE LP, MANHATTAN EMPLOYEE SERVICE, INC., WESTMILL LP, WINGATE LP, CITYWIDE SERVICING GROUP, INC., JERSEY EMPLOYEE SERVICE CORP, HUDSON SALES AND MARKETING, INC., UNITED PRODUCTION SERVICE, INC., YXZ III, INC, QRS II, INC., TUV V, INC., SRQ IV, INC. ABC ENTITES 1-100, JOHN DOES and JANE DOES 1-100. | : <br> : <br> : **ANSWER AND AFFIRMATIVE** <br> : **DEFENSES OF AMY DUKOFF TORO** <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : <br> : |

Defendant Amy Dukoff Toro ("Dukoff" or "Defendant"), by way and through its counsel, George F. Surgent, Esq., hereby answers Plaintiff's complaint, and asserts affirmative defenses, as follows:

## THE PARTIES

a. **Plaintiffs.**

1.    Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 1 of the Complaint and leaves Plaintiffs to their proofs.

2.    Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 2 of the Complaint and leaves Plaintiffs to their proofs.

b. **Defendants.**

3.    Admitted.

4.    Admitted.

5.    Admitted.

6.    Defendant  admits that The Third Toro Family LP, is a New York limited partnership.  Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the other allegation set forth in Paragraph 6 of the Complaint and leaves Plaintiffs to their proofs.

7.    Defendant admits that The Fourth Toro Family LP, is a New York limited partnership.  Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the other allegation set forth in Paragraph 7 of the Complaint and leaves Plaintiffs to their proofs.

8.      Defendant was aware that a New York Limited Partnership named The Fifth Toro Family LP did at one time exist.  Defendant does not know whether or not the Fifth Toro Family LP still exists or the location of its principal place of business.

9.      Admitted.

10.     Defendant was aware that a New York Limited Partnership named The Manhattan West Side LP did at one time exist.  Defendant does not know whether or not the Manhattan West Side LP still exists or the location of its principal place of business. Defendant believes that Manhattan West Side LP, went out of business some time in 2001.

11.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 11 of the Complaint and leaves Plaintiffs to their proofs.

12.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 12 of the Complaint and leaves Plaintiffs to their proofs.

13.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 13 of the Complaint and leaves Plaintiffs to their proofs.

14.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 14 of the Complaint and leaves Plaintiffs to their proofs.

15.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 15 of the Complaint and leaves Plaintiffs to their proofs.

16.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 16 of the Complaint and leaves Plaintiffs to their proofs.

17.     Defendant admits that 35 Real Estate LP is a New Jersey limited partnership with its principal place of business located at 35 UPS Drive, Secaucus, NJ. Defendant has no knowledge as to the identity of the registered agent for 35 Real Estate LP.

18.     Defendant admits that Garden Operation Realty LP is a New Jersey limited partnership with its principal place of business located at 35 UPS Drive, Secaucus, NJ.  Defendant has no knowledge as to if or where Garden Operation Realty, LP has additional locations.

19.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 19 of the Complaint and leaves Plaintiffs to their proofs.

20.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 20 of the Complaint and leaves Plaintiffs to their proofs.

21.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 21 of the Complaint and leaves Plaintiffs to their proofs.

22.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 22 of the Complaint and leaves Plaintiffs to their proofs.

23.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 23 of the Complaint and leaves Plaintiffs to their proofs.

24.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 24 of the Complaint and leaves Plaintiffs to their proofs.

25.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 25 of the Complaint and leaves Plaintiffs to their proofs.

## VENUE AND JURISDICTION

27.     The allegation contained in Paragraph 27 of the Complaints consists of legal conclusions to which no response is required.  To the extent such allegations state facts, Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of such facts and leaves Plaintiffs to their proofs.

28.     The allegation contained in Paragraph 28 of the Complaints consists of legal conclusions to which no response is required.  To the extent such allegations state facts, Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of such facts and leaves Plaintiffs to their proofs.

29.     The allegation contained in Paragraph 29 of the Complaints consists of legal conclusions to which no response is required.  To the extent such allegations state

facts, Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of such facts and leaves Plaintiffs to their proofs.

## NON-BINDING ARBITRATION NOT APPLICABLE

30.    Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 30 of the Complaint and leaves Plaintiffs to their proofs.

31.    Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 31 of the Complaint and leaves Plaintiffs to their proofs.

32.    Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 32 of the Complaint and leaves Plaintiffs to their proofs.

33.    Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 33 of the Complaint and leaves Plaintiffs to their proofs.

34.    Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 34 of the Complaint and leaves Plaintiffs to their proofs.

35.    Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 35 of the Complaint and leaves Plaintiffs to their proofs.

36.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 36 of the Complaint and leaves Plaintiffs to their proofs.

37.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 37 of the Complaint and leaves Plaintiffs to their proofs.

38.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 38 of the Complaint and leaves Plaintiffs to their proofs.

39.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 39 of the Complaint and leaves Plaintiffs to their proofs.

## **FACTUAL BACKGROUND**

40.     All answers to paragraphs 1 through 39 are incorporated herein as though set forth herein at length.

41.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 41 of the Complaint and leaves Plaintiffs to their proofs.

42.     Defendant denies all allegations in Paragraph 42 as they relate to Amy Dukoff Toro.  Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the remaining allegations set forth in Paragraph 42 of the Complaint and leaves Plaintiffs to their proofs.

43.    Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 43 of the Complaint and leaves Plaintiffs to their proofs.

44.    Denied.  Defendant is not an owner in the limited partnerships.  Defendant is only the holder of a 95% interest in the limited partnerships and can be substituted by the General Partner at any time.

45.    Denied.  Defendant admits that she was at one time a limited partner of Manhattan West Side, LP.  Defendant is no longer a limited partner of Manhattan West Side, LP.

46.    Admitted.

47.    Admitted.

48.    Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 48 of the Complaint and leaves Plaintiffs to their proofs.

49.    Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 49 of the Complaint and leaves Plaintiffs to their proofs.

50.    Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 50 of the Complaint and leaves Plaintiffs to their proofs.

51.    Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 51 of the Complaint and leaves Plaintiffs to their proofs.

52.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 52 of the Complaint and leaves Plaintiffs to their proofs.

53.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 53 of the Complaint and leaves Plaintiffs to their proofs.

54.     Defendant denies the allegations of this paragraph insomuch as they make claims against this Defendant. Defendant's only involvement with any of the other defendants was and is as a limited partner. Defendant does not personally engage in interstate commerce, manufacture or transport bagels.

55.     Defendant denies the allegations of this paragraph insomuch as they make claims against this Defendant. Defendant's only involvement with any of the other defendants was and is as a limited partner. Defendant does not personally sell bagels.

56.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 56 of the Complaint and leaves Plaintiffs to their proofs.

57.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 57 of the Complaint and leaves Plaintiffs to their proofs.

58.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 58 of the Complaint and leaves Plaintiffs to their proofs.

59.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 59 of the Complaint and leaves Plaintiffs to their proofs.

60.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 60 of the Complaint and leaves Plaintiffs to their proofs.

61.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 61 of the Complaint and leaves Plaintiffs to their proofs.

62.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 62 of the Complaint and leaves Plaintiffs to their proofs.

63.     Denied.

64.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 64 of the Complaint and leaves Plaintiffs to their proofs.

65.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 65 of the Complaint and leaves Plaintiffs to their proofs.

66.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 66 of the Complaint and leaves Plaintiffs to their proofs.

67.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 67. of the Complaint and leaves Plaintiffs to their proofs.

68.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 68 of the Complaint and leaves Plaintiffs to their proofs.

69.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 69 of the Complaint and leaves Plaintiffs to their proofs.

70.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 70 of the Complaint and leaves Plaintiffs to their proofs.

71.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 71 of the Complaint and leaves Plaintiffs to their proofs.

72.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 72 of the Complaint and leaves Plaintiffs to their proofs.

73.     Defendant admits that she is a dentist by profession.  Defendant admits that she is has nothing to do with the business of the Limited Partnerships.  Defendant denies any fraud.

74.     Defendant admits that she authored a book "Bagel Thoughts".  Defendant denies that the book is solely available through the "H&H Bagels" website.

75.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 75 of the Complaint and leaves Plaintiffs to their proofs.

76.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 76 of the Complaint and leaves Plaintiffs to their proofs.

77.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 77 of the Complaint and leaves Plaintiffs to their proofs.

78.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 78 of the Complaint and leaves Plaintiffs to their proofs.

79.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 79 of the Complaint and leaves Plaintiffs to their proofs.

80.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 80 of the Complaint and leaves Plaintiffs to their proofs.

81.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 81 of the Complaint and leaves Plaintiffs to their proofs.

82.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 82 of the Complaint and leaves Plaintiffs to their proofs.

83.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 83 of the Complaint and leaves Plaintiffs to their proofs.

84.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 84 of the Complaint and leaves Plaintiffs to their proofs.

85.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 85 of the Complaint and leaves Plaintiffs to their proofs.

86.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 86 of the Complaint and leaves Plaintiffs to their proofs.

87.     Denied as to Defendant's status.  Defendant's status in the limited partnerships is that of "holder of interest" not "owner of interest" because Amy Dukoff Toro can be subs.  Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the other allegations set forth in Paragraph 87 of the Complaint and leaves Plaintiffs to their proofs.

88.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 88 of the Complaint and leaves Plaintiffs to their proofs.

89.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 89 of the Complaint and leaves Plaintiffs to their proofs.

90.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 90 of the Complaint and leaves Plaintiffs to their proofs.

91.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 91 of the Complaint and leaves Plaintiffs to their proofs.

92.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 92 of the Complaint and leaves Plaintiffs to their proofs.

93.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 93 of the Complaint and leaves Plaintiffs to their proofs.

## FIRST COUNT

94.     All answers to Paragraphs 1 through 93 are incorporated as though set forth herein at length.

95.     Defendant denies the allegations of Paragraph 95 insofar as they relate to this Defendant.

96.     Defendant denies the allegations of Paragraph 96 insofar as they relate to this Defendant.

97.     Defendant denies the allegations of Paragraph 97 insofar as they relate to this Defendant.

98.     Defendant denies the allegations of Paragraph 98 insofar as they relate to this Defendant.

99.     Defendant denies the allegations of Paragraph 99 insofar as they relate to this Defendant.

100.    a.     Defendant denies the allegations of Paragraph 100, sub-paragraph a., insofar as they relate to this Defendant.

        b.     Defendant denies the allegations of Paragraph 100, sub-paragraph b., insofar as they relate to this Defendant.

        c.     Defendant denies the allegations of Paragraph 100, sub-paragraph c., insofar as they relate to this Defendant.

        d.     Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 100, subparagraph b. of the Complaint and leaves Plaintiffs to their proofs.

        e.     Defendant denies the allegations of Paragraph 100, sub-paragraph e., insofar as they relate to this Defendant.

101.    Defendant denies the allegations of Paragraph 101 insofar as they relate to this Defendant.

102.    Defendant denies the allegations of Paragraph 102 insofar as they relate to this Defendant.

103.    Defendant denies the allegations of Paragraph 103 insofar as they relate to this Defendant.

104.   Defendant denies the allegations of Paragraph 104 insofar as they relate to this Defendant.

105.   Defendant denies the allegations of Paragraph 105 insofar as they relate to this Defendant.

106.   Defendant denies the allegations of Paragraph 106 insofar as they relate to this Defendant.

107.   Defendant denies the allegations of Paragraph 107 insofar as they relate to this Defendant.

108.   Defendant denies the allegations of Paragraph 108 insofar as they relate to this Defendant.

## SECOND COUNT

109.   All answers to paragraphs 1 through 108 are incorporated herein as though set forth herein at length.

110.   Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 110 of the Complaint and leaves Plaintiffs to their proofs.

111.   Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 111 of the Complaint and leaves Plaintiffs to their proofs.

112.   Defendant denies the allegations of Paragraph 112 insofar as they relate to this Defendant.

113.   Defendant denies the allegations of Paragraph 113 insofar as they relate to this Defendant.

114.    Defendant denies the allegations of Paragraph 114, insofar as they relate to this Defendant.

115.    Defendant denies the allegations of Paragraph 115, insofar as they relate to this Defendant.

116.    Defendant denies the allegations of Paragraph 116, insofar as they relate to this Defendant.

117.    Defendant denies the allegations of Paragraph 117, insofar as they relate to this Defendant.

118.    Defendant denies the allegations of Paragraph 118, insofar as they relate to this Defendant.

119.    Defendant denies the allegations of Paragraph 119, insofar as they relate to this Defendant.

120.    Defendant denies that Plaintiff was damaged by this Defendant's conduct.

121.    Defendant denies the allegations of Paragraph 121, insofar as they relate to this Defendant.

## **THIRD COUNT**

122.    All answers to paragraphs 1 through 121 are incorporated herein as though set forth herein at length.

123.    Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 123 of the Complaint and leaves Plaintiffs to their proofs.

124.   Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 124 of the Complaint and leaves Plaintiffs to their proofs.

125.   Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 125 of the Complaint and leaves Plaintiffs to their proofs.

## FOURTH COUNT

126.   All answers to Paragraphs 1 through 125 are incorporated herein as though set forth herein at length.

127.   Defendant denies the allegations of Paragraph 127, insofar as they relate to this Defendant.

128.   Defendant denies the allegations of Paragraph 128, insofar as they relate to this Defendant.

129.   Defendant denies that Plaintiff was damaged by this Defendant's conduct.

130.   Denied.

Response to Demand for Judgment:  Amy Dukoff Toro is not required to respond to Plaintiffs' Demand for Judgment.  To the extent that a further response is necessary. Amy Dukoff Toro demands that the Complaint be dismissed with prejudice and that the Court enter judgment in her favor on all Counts of the Complaint, that Amy Dukoff Toro be awarded its costs and expenses including attorneys' fees incurred in defending this Action, and for such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

**BY WAY OF FURTHER** Answer to the Plaintiff's Complaint, Amy Dukoff Toro sets forth the following separate, Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE

The allegations contained in Plaintiffs' Complaint fail to state a Cause of Action and fail, in whole or in part, to allege basis for the relief claimed.

## SECOND AFFIRMATIVE DEFENSE

Amy Dukoff Toro is not liable to Plaintiffs under any contractual or quasi-contractual theories.

## THIRD AFFIRMATIVE DEFENSE

Amy Dukoff Toro did not breach any legal duty owed to Plaintiff and otherwise discharged each and every obligation that may have been owed to Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of integration, merger, and/or the parole evidence rule.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the entire controversy doctrine.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries or damages were not the proximate result of any alleged conduct or failure to act by Amy Dukoff Toro.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs failed to join Amy Dukoff Toro in their original claim. This claim has been litigated to a Final Judgment and Conclusion before the American Arbitration Association, Captioned - **Wilenta Fed, Inc., and**

**Wilenta Catering, Inc., Claimants, and Garden Operation Corporation d/b/a H&H Bagels, Garden Operation Realty LP, and Helmer Toro, Respondents. Arbitration No. 18181M0065909.**

Additionally, this matter has been litigated to a Final Conclusion and Judgment without any allegation against Amy Dukoff Toro, before the Superior Court of New Jersey Hudson County, Captioned - **Wilenta Fed, Inc., and Wilenta Catering, Inc., Plaintiffs, v. Garden Operation Corporation d/b/a H&H Bagels, Garden Operation Realty LP, and Helmer Toro, Defendants. Docket No. L-2633-10**.

<h3 align="center">EIGHTH AFFIRMATIVE DEFENSE</h3>

Complaint is Frivolous. Plaintiffs are put on notice to immediately dismiss Amy Dukoff Toro the Complaint. If Amy Dukoff Toro is not dismissed, Amy Dukoff Toro will through her attorneys, see Rule 11 sanctions, including fees and actual and consequential damages for the damage to her reputation as a dentist.

<h3 align="center">ADDITIONAL DEFENSES</h3>

Amy Dukoff Toro hereby reserves the right to assert such other and further defenses to Plaintiffs' Complaint as further investigating and discovery of the facts may warrant.

WHEREFORE, having fully answered, Amy Dukoff Toro respectfully requests that the Court Enter judgment in her favor and against Plaintiff, dismissing the Complaint in its entirety and with prejudice, and awarding Amy Dukoff Toro its attorneys' fees and

costs incurred in defending this action together with such other and further relief as the Court deems just and equitable.

March 3, 2011

George F. Surgent, Esq.
Attorney for Defendant, Amy Dukoff Toro

## LOCAL CIVIL RULE 11.2 CERTIFICATON

The undersigned hereby certifies upon information and belief that the matter in controversy is not the subject of any other action pending in any court, or of any pending, arbitration or administrative proceeding.


I further certify that this Answer is filed within time pursuant to rules of court.

March 3, 2011

George F. Surgent, Esq.
Attorney for Defendant, Amy Dukoff Toro