Chris Mills, Esq.
Law Office of Chris Mills P.C.
116 West 23rd Street  500
New York, NY 10011
212-851-8416 phone 212-504-8229 fax
chrismillsesq@gmail.com
Attorneys for Helmer Toro,The Fourth Toro Family LP,
The Fifth Toro Family LP,The Sixth Toro Family LP,
Garden Operation Corp. Manhattan West Side, LP,
Manhattan Employee Service, Inc.,Westmill LP, Wingate LP,
Citywide Servicing Group, Inc., Jersey Employee Service
Corp.,Hudson Sales and Marketing Inc.,United Production
 Service, Inc.,YXZ III. Inc., QRS II, Inc, TUV V, Inc., SRQ IV, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Wilenta Feed, Inc., and Wilenta Carting Inc., | : |
| Plaintiffs, | : CIVIL ACTION NO. 2:10-cv-06482-SDW-MCA |
| v. | : |
| Helmer Toro, Amy Dukoff Toro, The First Toro Family LP, The Third Toro Family LP, The Fourth Toro Family LP, The Fifth Toro Family LP, The Sixth Toro Family LP, 35 Real Estate LP, Garden Operation Realty LP, Garden Operation Corp., Manhattan West Side LP, Manhattan Employee Service, Inc., Westmill LP, Wingate LP, Citywide Servicing Group, Inc., Jersey Employee Service Corp., Hudson Sales and Marketing Inc., United Production Services, Inc., YXZ III, Inc., QRS II, Inc., TUV V, Inc., SRQ IV, Inc., ABC Entities 1-100, John Does and Jane Does 1-100 | : **ANSWER AND AFFIRMATIVE DEFENSES** |
| Defendants. | : |

Defendants, Helmer Toro, The Fourth Toro Family LP, The Fifth Toro Family LP, The Sixth Toro Family LP, Garden Operation Corp., Manhattan West Side LP, Manhattan Employee Service, Inc., Westmill LP, Wingate LP, Citywide Servicing Group, Inc., Jersey Employee Service Corp., Hudson Sales and Marketing Inc., United Production Service, Inc., YXZ III, Inc., QRS II, Inc., TUV V, Inc., SRQ IV, Inc (collectively, "Defendants"), by their attorney, respectfully allege upon information and

1

belief as follows:

## THE PARTIES

**a. Plaintiffs**

1. ADMIT
2. ADMIT.

**b. Defendants**

3. ADMIT.
4. ADMIT.
5. ADMIT to the extent that The First Toro Family LP ("First Toro") is a New York limited partnership. The First Toro Family LP ("First Toro") has filed for Chapter 11 Reorganization in the United States Bankruptcy Court, Southern District of New York (Case Number 11-11229 SHL).
6. ADMIT to the extent that The Third Toro Family LP ("Third Toro") is a New York limited partnership, but DENY that its principal place of business is at 1995 Broadway, 18th Floor New York, New York. The Third Toro Family LP ("Third Toro") has filed for Chapter 11 Reorganization in the United States Bankruptcy Court, Southern District of New York, ( Case Number 11-11723 SHL).
7. ADMIT to the extent that The Fourth Toro Family LP ("Fourth Toro") is a New York limited partnership, but DENY that its principal place of business is at 1995 Broadway, Suite 1800, New York, New York.
8. ADMIT.
9. ADMIT.
10. ADMIT.
11. ADMIT.
12. ADMIT.

2

13. ADMIT.

14. ADMIT.

15. ADMIT.

16. ADMIT.

17. ADMIT. 35 Real Estate LP has filed for Chapter 11 Reorganization in the United States Bankruptcy Court, Southern District of New York. (Case Number 11-11489 SHL).

18. ADMIT. Garden Operation Realty LP ("Garden LP") has filed for Chapter 11 Reorganization in the United States Bankruptcy Court, Southern District of New York. (Case Number 11-10668 SHL).

19. ADMIT.

20. ADMIT.

21. ADMIT.

22. ADMIT.

23. ADMIT.

24. ADMIT.

25. DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 25 of the Complaint.

26. DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 26 of the Complaint.

## VENUE AND JURISDICTION

27. Defendants note that ¶ 27 calls for a conclusion of law to which Defendants need not respond. Defendants DENY having knowledge or information sufficient to form a belief as to the truth or falsity of any factual allegations in ¶ 27 of the Complaint.

28. Defendants note that ¶ 28 calls for a conclusion of law to which Defendants need not respond.

Defendants DENY having knowledge or information sufficient to form a belief as to the truth or falsity of any factual allegations in ¶ 28 of the Complaint.

29. Defendants note that ¶ 29 calls for a conclusion of law to which Defendants need not respond. Defendants DENY having knowledge or information sufficient to form a belief as to the truth or falsity of any factual allegations in ¶ 29 of the Complaint.

## **NON-BINDING ARBITRATION NOT APPLICABLE**

30. ADMIT this paragraph to the extent that there exists an arbitration award by the American Arbitration Association ("AAA") (Case number 18 181 M 00659 09).

31. ADMIT, to the extent the Final Award of the Arbitrator was against Defendants Garden Operation Corporation, Garden Operation Realty LP and Helmer Toro but DENY any obligation or requirements of any Defendants.

32. ADMIT, to he extent that Judgment was entered against Garden Operation Corporation, Garden Operation Realty LP and Helmer Toro but DENY any obligation or requirements of any Defendants.

33. ADMIT to the extent that a judgment was entered against Garden Operation Corporation, Garden Operation Realty LP and Helmer Toro.

34. ADMIT, only as to Garden Operation Corporation, Garden Operation Realty LP and Helmer Toro but DENY any obligations or requirements of any Defendants.

35. ADMIT, only to the extent ¶ 35 refers to Garden Operation Corporation, Garden Operation Realty LP and Helmer Toro but DENY any obligation or requirements of any Defendants.

36. ADMIT only as to Garden Operation Corporation, Garden Operation Realty LP and Helmer Toro but DENY any obligations or requirements of any Defendants.

37. DENY the Plaintiffs' calculation of a "total amount" noting that there are two Plaintiffs who received separate awards under the terms of the arbitration judgment and that the separate

nature of the awards also present in the Supplementary Order for Judgment. Therefore there is not the total amount for judgment cited by the Plaintiffs but rather two separate amounts to settle as to each Plaintiff, each amount being less that $150,000. Additionally given that liability is "joint and several" there are other possible settlement amounts that would be possible in mandatory non-binding arbitration.

38. DENY.

39. DENY. The arbitration award and subsequent judgment are against Garden Operation Corporation, Garden Operation Realty LP and Helmer Toro. The additionally pled Defendants have no actual involvement in this matter and their inclusion in this action by Plaintiffs is without foundation in law or fact and should not serve as an impediment to arbitration.

## FACTUAL BACKGROUND

40. Defendants repeat and incorporate herein the answers contained in ¶¶ 1 through 39, above, as if the same were set forth and repeated at length herein.

41. DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 41 of the Complaint.

42. DENY.

43. ADMIT.

44. DENY.

45. ADMIT.

46. DENY.

47. DENY.

48. DENY.

49. ADMIT to the extent that Helmer Toro is the principal of each limited partnership.

50. DENY.

51. ADMIT.

52. ADMIT.

53. ADMIT.

54. DENY.

55. DENY.

56. DENY.

57. DENY.

58. DENY.

59. ADMIT.

60. DENY.

61. DENY.

62. DENY.

63. DENY.

64. DENY.

65. ADMIT to the extent that that Garden LP produces bagels for First Toro and Sixth Toro to sell at their retail locations, but otherwise DENY the allegations contained in ¶ 65 of the Complaint.

66. DENY.

67. ADMIT to the extent that Hank Hoffman is the controller for the limited partnerships, but otherwise DENY the allegations contained in ¶ 67 of the Complaint.

68. DENY.

69. DENY.

70. DENY.

71. DENY.

72. DENY.

73. DENY.

74. ADMIT to the extent that Dr. Dukoff Toro is a dentist and author but DENY the rest of the

allegations in ¶ 74.

75. DENY.

76. DENY.

77. ADMIT as to the quoted testimony but DENY the contents of the paragraph to the extent the out of context quote is offered in support of the characterization contained in ¶ 76 which is DENIED.

78. DENY.

79. DENY.

80. DENY.

81. DENY.

82. DENY.

83. DENY.

84. DENY.

85. ADMIT as to the quoted testimony but deny the contents of the paragraph to the extent that the out of context quotation is offered in support of the characterization that is contained in ¶ 84 which is DENIED.

86. DENY.

87. DENY.

88. DENY.

89. DENY.

90. ADMIT to the extent that the cash registers are not computerized, but otherwise DENY the allegations contained in ¶ 90 of the Complaint.

91. DENY.

92. DENY.

93. DENY.

## FIRST COUNT

94. Defendants repeat and incorporate herein the answers contained in ¶¶ 1 through 93, above, as if the same were set forth and repeated at length herein.

95. DENY.

96. DENY.

97. DENY.

98. DENY.

99. DENY.

100. a. DENY.

    b.  DENY.

    c.  DENY.

    d.  DENY.

    e.  DENY.

101. DENY.

102. DENY.

103. DENY.

104. DENY.

105. DENY.

106. DENY.

107. DENY.

108. DENY.

## SECOND COUNT

109. Defendants repeat and incorporate herein the answers contained in ¶¶ 1 through 108, above, as if the same were set forth and repeated at length herein.

110. DENY.

111. DENY.

112. DENY.

113. DENY.

114. DENY.

115. DENY.

116. DENY.

117. DENY.

118. DENY.

119. DENY.

120. DENY.

121. DENY.

### THIRD COUNT

122. Defendants repeat and incorporate herein the answers contained in ¶¶ 1 through 121, above, as if the same were set forth and repeated at length herein.

123. DENY.

124. DENY.

125. DENY.

### THIRD COUNT

126. Defendants repeat and incorporate herein the answers contained in ¶¶ 1 through 125, above, as if the same were set forth and repeated at length herein.

127. DENY.

128. DENY.

129. DENY.

130. DENY.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiffs fail to state a cause of action.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiffs are barred by arbitration and award.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiffs have not mitigated damages.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs alleged injuries or damages were not the result of any alleged conduct or failure to act by Defendants.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiffs are estopped.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiffs have unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs are preceded by Federal tax liens.

### EIGHTH AFFIRMATIVE DEFENSE

The Plaintiffs have charged entities that were not parties to the underlying judgments.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiffs have not pled fraud with particularity.

### TENTH AFFIRMATIVE DEFENSE

The Plaintiffs do not have standing.

### ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs are barred from recovery by the doctrine of *in pare delicto*.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs have alleged incidents and damages that were caused by or contributed to by negligence of the Plaintiffs or by those over whom they should have had control.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs are barred by the doctrine of *res judicata*.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs are barred by the doctrine of waiver.

## RESERVED DEFENSES

Defendants hereby reserve the right to assert such other defenses to the Complaint as further discovery of the facts may warrant.

**WHEREFORE**, Defendants respectfully demand judgment dismissing the Complaint in its entirety with prejudice attorneys fees and costs to Defendants and awarding such other and further relief to Defendants as the Court may deem just, equitable and proper.

Dated: New York, New York
April 25, 2011

By: __/s/ Chris Mills_____
Chris Mills, Esq.  CM 1300
Attorney for Defendants Helmer Toro, The Fourth Toro Family LP, The Fifth Toro Family LP, The Sixth Toro Family LP, Garden Operation Corp., Manhattan West Side LP, Manhattan Employee Service, Inc., Westmill LP, Wingate LP, Citywide Servicing Group, Inc., Jersey Employee Service Corp., Hudson Sales and Marketing Inc., United Production Services, Inc., YXZ III Inc., QRS II Inc., TUV V, Inc., SRQ IV, Inc.,